01
02
03
04
05
06
07
08
09
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLES O'CAIN,

        Plaintiff,

v.

RENTON POLICE DEPARTMENT, et al.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)

Case No. C06-0035-RSL-JPD

ORDER DIRECTING DEFENDANTS
TO SUPPLEMENT THE RECORD
AND DENYING PLAINTIFF'S
REQUEST FOR AN EXTENSION OF
TIME

        Plaintiff Charles O'Cain, an inmate at the Regional Justice Center in Kent, Washington ("RJC"), is proceeding pro se and in forma pauperis in this 42 U.S.C. § 1983 civil rights action against King County, police officers Paul F. Guest and J. Renggli, and RJC Custody Sergeant Thomas Manning. Plaintiff alleges, among other things, that Sgt. Manning conspired with others to place him in administrative segregation and to restrict his phone privileges in violation of the Due Process Clause of the Fourteenth Amendment. Dkt. No. 6.

        This matter comes before the Court upon defendants' motions for summary judgment and plaintiff's opposition thereto. Dkt. Nos. 28, 29, 37. Plaintiff claims he was denied certain procedural safeguards to which he was entitled when he was moved into administrative segregation. In response, defendants King County and Sgt. Manning argue that plaintiff does not have a liberty interest in his security classification, and accordingly, has no right to

ORDER
PAGE -1

01  particular procedural safeguards under the Due Process Clause.  Dkt. No. 29 at 7.

02      Plaintiff also renews an earlier request for an extension of time to send interrogatories

03  and conduct depositions.  Defendants Renggli and Guest oppose this motion.  Dkt. No. 38.

04  This Court previously denied an identical request by plaintiff on the basis that the qualified-

05  immunity issue asserted by the defense should be resolved at the outset. *See Saucier v. Katz*,

06  533 U.S. 194, 200 (2001), Dkt. No. 36.

07      Having carefully reviewed the parties' pleadings and the balance of the record, the

08  Court ORDERS as follows:

09      A.    Order Directing Defendants Sgt. Manning and King County to
            Supplement the Record.

10

11      The record before the Court at this juncture is inadequate to make a final determination

12  on plaintiff's due-process claim.  The Court directs defendants Sgt. Manning and King County

13  to supplement the record to set forth:

14      (1)    Plaintiff's current inmate status, *e.g.*, whether plaintiff is presently

15  a convicted prisoner or a pretrial detainee, and plaintiff's current classification;

16      (2)    Plaintiff's status and classification during the incidents at issue in this

17  litigation, *e.g.*, the searches of plaintiff's cell, plaintiff's placement in administrative

18  segregation, and the revocation of plaintiff's telephone privileges;

19      (3)    The status of plaintiff's confinement in the administrative segregation

20  unit, including, what, if any, procedures are in place for the purpose of appealing or reviewing

21  plaintiff's placement in administrative segregation; and

22      (4)    The circumstances surrounding plaintiff's transfer to the administrative

23  segregation unit.  Specifically, defendants shall indicate whether plaintiff was given notice of

24  the judicial proceeding against him and whether he was given an opportunity to appear or

25  respond.  Defendants shall also indicate whether an internal or other administrative hearing

26  was provided or offered, and, if so, describe its features.

ORDER
PAGE -2

01      Defendants Sgt. Manning and King County shall supplement the record **no later than**

02 **August 7, 2006**.  After defendants have supplemented the record, plaintiff may file a response

03 to these specific issues within ten days.  Any such response shall be filed **no later than**

04 **August 17, 2006**, and shall be no longer than seven pages in length.  Any reply by defendants

05 will be due **no later than August 24, 2006**.

06      B.     Order Denying Plaintiff's Motion for a Continuance to Conduct Further Discovery.

07

08      Plaintiff's motion for continuance (Dkt. No. 37) is substantially the same as a previous

09 motion (Dkt. No. 32), which this Court denied.  Dkt. No. 36.  It appears, therefore, that

10 plaintiff is moving the Court for reconsideration of its earlier order.  "Motions for

11 reconsideration are disfavored.  The court will ordinarily deny such motions in the absence of a

12 showing of manifest error in the prior ruling or a showing of facts or legal authority which

13 could not have been brought to its attention earlier with reasonable diligence."  Local Rule CR

14 7(h)(1).  Plaintiff has not made such a showing here.  He has presented no new law or facts that

15 suggest a continuance is appropriate at this time.  Plaintiff's motion for a continuance (Dkt.

16 No. 37), therefore, is DENIED.

17      If defendants' motions for dismissal on qualified immunity grounds are denied, the

18 Court will establish a new discovery schedule.

19      The Clerk is directed to send a copy of this order to plaintiff, defendant, and to the

20 Honorable Robert S. Lasnik, Chief Judge.

21      DATED this 20th day of July, 2006.

22

23                            James P. Donohue

                                JAMES P. DONOHUE

24                                 United States Magistrate Judge

25

26

ORDER
PAGE -3