UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES O'CAIN, ) | |
| ) | |
| Plaintiff, ) | Case No. C06-0035RSL |
| ) | |
| v. ) | |
| ) | |
| RENTON POLICE DEPARTMENT, *et al.* ) | ORDER GRANTING DEFENDANTS' |
| ) | MOTIONS FOR SUMMARY JUDGMENT |
| Defendants. ) | |
| _____ ) | |

This matter comes before the Court on motions for summary judgment filed by all defendants (Dkt. ## 28, 29). The Court, having reviewed plaintiff's civil rights complaint, defendants' motions for summary judgment, the Report and Recommendation of Judge James P. Donohue, United States Magistrate Judge, and the remaining record, adopts the Report and Recommendation to the extent that it dismissed all claims against police officers Paul Guest and Jason Renggli, dismissed the § 1983 against Sergeant Manning and King County, dismissed the § 1985 claim against Sergeant Manning, and dismissed the claim for monetary damages against Sergeant Manning. The Court also dismisses plaintiff's claim for declaratory relief.

Plaintiff is currently incarcerated at the Regional Justice Center ("RJC") for two felony counts. He was convicted of kidnaping in the first degree on January 14, 2005 and sentenced to 171 months incarceration. As of the date of defendants' filings in this case, he was awaiting trial on a charge of

ORDER GRANTING MOTIONS
FOR SUMMARY JUDGMENT - 1

1  rape in the second degree. While plaintiff was incarcerated, RJC officials learned that he had allegedly
2  used jail telephones to defraud community members. On April 28, 2005, a King County Superior
3  Court Judge granted a motion to revoke plaintiff's telephone privileges. Plaintiff subsequently filed a
4  motion to remove the "phone deadlock;" the motion was denied on April 21, 2006. According to an
5  RJC official, "[a]ll inmates with court orders for phone deadlock are placed in ad-seg to ensure that
6  they do not have access to a phone." Declaration of Teri Hansen, (Dkt. #41) ("Hansen Decl.") at ¶ 7.
7  Pursuant to that practice, plaintiff "will not be considered for removal from ad-seg- placement until the
8  court determines that phone deadlock is no longer necessary." Id. at ¶ 10.

9        Plaintiff argues that he has been denied procedural due process because he has not been
10 granted a meaningful opportunity to challenge his confinement in administrative segregation. Even if
11 the Court assumes, without deciding, that plaintiff has a liberty interest in not being kept in segregation
12 indefinitely without meaningful review, plaintiff's claim fails because he has been granted periodic,
13 meaningful opportunities to challenge his segregation. After an inmate is placed in administrative
14 segregation, the decision is reviewed within a day, within seven days, and again every thirty days
15 thereafter. Hansen Decl. at ¶ 7. Reviews are face to face interviews between a classification staff
16 member and the inmate. Inmates may appeal their placement, though plaintiff has never done so.
17 Plaintiff's placement has been reviewed on a monthly basis. Id. at ¶ 8.

18       Despite those procedures, the Report and Recommendation recommended a finding that King
19 County intends to keep plaintiff in administrative segregation indefinitely without meaningful review.
20 It noted that the reviews are "meaningless gestures" because the RJC will continue administrative
21 segregation while plaintiff is on a court-ordered phone restriction, but the court ordered the phone
22 restriction stating that it would "not micromanage the jail." Dkt. #42, Ex. B. However, the court's
23 orders did not merely rubber stamp an RJC decision. Rather, the first court order imposed the
24 restriction, and the second order, while declining to micromanage the jail, also refused to lift the
25
26 ORDER GRANTING MOTIONS
   FOR SUMMARY JUDGMENT - 2

1  restriction "based on evidence presented that created a prima facie case that the defendant committed
2  several crimes in the jail." Dkt. ## 41-2, 42. Furthermore, plaintiff has not shown that the RJC's
3  practice of keeping inmates in administrative segregation while they are under phone restrictions is in
4  any way improper. The due process clause does not require a correctional facility to abrogate a valid
5  policy or practice or to make an exception for plaintiff. Although plaintiff may not agree with the
6  court's phone restriction or the RJC's practice, he has not shown a violation of his due process rights.
7      For all of the foregoing reasons, the Court GRANTS defendants' motions for summary
8  judgment (Dkt. ## 28, 29). The Clerk of the Court is directed to enter judgment in favor of
9  defendants and against plaintiff.

    DATED this 8th day of November, 2006.

<u>  MWT S Lasnik  </u>
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTIONS
FOR SUMMARY JUDGMENT - 3